**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DONALD HOGAN JR.** | * | **CIVIL ACTION NO.:  17-3** |
| | * | |
| **Plaintiff,** | * | **SECTION "___"(___)** |
| | * | |
| **VERSUS** | * | **JUDGE _____** |
| | * | |
| **ANDREA WILLIAMS AND** | * | **MAGISTRATE JUDGE _____** |
| **KENNETH LEMIEUX** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

*********************************************\*

## NOTICE OF REMOVAL

| | |
|---|---|
| TO: William W. Blevins<br>Clerk of Court<br>United States District Court for the<br>Eastern District of Louisiana<br>500 Poydras Street, Room C151<br>New Orleans, Louisiana 70130<br><br>Jon A. Gegenheimer<br>Clerk of Court<br>Twenty-Fourth Judicial District Court for the<br>State of Louisiana<br>Post Office Box 10<br>Gretna, Louisiana 70054 | John-Michael Lawrence<br>John-Michael Lawrence LLC<br>18072 Forest Hills Drive<br>Prairieville, Louisiana 70769<br><br>Counsel for Plaintiff Donald Hogan Jr. |

NOW INTO COURT, through undersigned counsel comes Defendant Andrea Williams and hereby removes from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana the action captioned *Donald Hogan, Jr. v. Andrea Williams and Kenneth Lemieux*, bearing the state civil action

number 747249 assigned to Division G of that court, and, in support thereof, respectfully show that:

**1.**

The civil action, entitled *Donald Hogan Jr. v. Andrea Williams and Kenneth Lemieux*, Civ. A. No. 747249, Division G, on the docket of the 24th Judicial District Court, was filed by Plaintiff Donald Hogan Jr. on an unknown date (illegible on the service copy received by Andrea Williams) and was served on or about March 14, 2015.

**2.**

Defendant now timely files this notice of removal under 28 U.S.C. § 1446(b)(3).

**3.**

Along with the filing of this Notice, Defendant has, at the same time, given written notice to the Plaintiff by furnishing copies of this Notice and attachments via email and mail, and will file forthwith notice of this removal with the 24th Judicial District Court, State of Louisiana.

**4.**

Plaintiff filed suit in the 24th Judicial District Court against Defendants entitled "Petition for Damages for Libel, Slander, Malicious Prosecution" based on Ms. Williams and Mr. Lemieux's previously filed and voluntary dismissal of their federal lawsuit *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752.

**5.**

Defendant's basis for removal lies in 28 U.S.C. § 1331, and 28 U.S.C. § 1443.

**6.**

Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Justice Holmes' states, "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).

**7.**

Plaintiff's cause of action is directly created by federal employment laws.  Federal jurisdiction is appropriate and a case "arises under" federal law if a right under state law necessarily turns on some construction of federal law.  *See generally*, *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (a case arises under federal law "where the vindication of a right under state law necessarily turns on some construction of federal law.").

**8.**

Plaintiff's state court Petition purposefully obfuscated the federal question and artfully pled what should be a federal claim in state law solely to avoid federal court.  *See generally*, *Heimann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999).  Plaintiff pled a petition for malicious prosecution, libel and defamation when in theory it was truly a motion for attorney's fees under Title VII and 1983 artfully constructed to avoid such designation.

**9.**

On November 30, 2016, Defendants propounded onto Plaintiff a set of discovery requests that included multiple requests for admissions.

**10.**

Louisiana Code of Civil Procedure article 1467 states: "The matter is admitted unless, within fifteen days after service of the request, … the party to whom the request is directed serves upon the party requesting the admission a written answer or objection… ."

**11.**

Plaintiff's responses to Defendants requests for admissions was due on or about December 15, 2016.  Plaintiff did not provide any answer or objection to Defendants requests for admissions.  *See attached*, Ex. 1, Requests for Admissions.

**12.**

By operation of law under Louisiana Code of Civil Procedure article 1467, Plaintiff admitted multiple requests, included in such was the following admissions:

- **Donald Hogan, Jr.'s claim is based on the federal lawsuit *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752 that was based on federal laws including Title VII and 42 USC 1983.**

- **Donald Hogan, Jr. is attempting to recover his attorney's fees and/or costs expended in defending the federal lawsuit *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752.**

- Williams' and Lemieux's federal Complaint included a claim under 42 U.S.C. 1983.

- Donald Hogan, Jr. was dismissed with prejudice from the federal lawsuit.

- Williams and Lemieux terminated their federal lawsuit *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752 because of a resolution/settlement of the matter.

4

- *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752 was not tried before a judge or jury.

- Williams and Lemieux were compensated by the Parish in exchange for dismissal of the federal matter *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752 and other promises.

- Donald Hogan, Jr. did not file a motion or other pleading for attorney's fees in the federal court matter *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752.

- Donald Hogan, Jr. brought a cross-claim in federal court matter *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752 which was dismissed that contained similar allegations as this current petition includes.

- Williams and Lemieux brought allegations against Hogan under 42 U.S.C. 1983.

**13.**

Finally, in conjunction, this Court, based on these admissions retains jurisdiction of this state filed matter based on the original jurisdiction of Civil Action No. 12-2752 (*Williams et al. v. Jefferson Parish et al.*) for this Court entered an order of dismissal of all defendants based on successful resolution of the matter, for which Plaintiff Hogan was a part of and 28 U.S.C. § 1443 and now admits he is bringing a claim under the same lawsuit.

**14.**

Plaintiff's allegations, and supposed underlying facts, were previously brought against Defendants (as Plaintiffs-in-Reconvention) by Plaintiff (as Defendant-in-Reconvention) in the Eastern District of Louisiana under the matter *Andrea D. Williams and Kenneth Lemieux v.*

*Jefferson Parish, Randy Nicholson and Donald Hogan*, Civ. A. No. 12-2752, presided over by

Judge Lemmon and Magistrate Judge North.[1]

**15.**

Plaintiff attempts with this state court lawsuit to intimidate, harass and threaten Defendants for

their seeking protection under 42 U.S.C. § 1983.  Defendants brought action against Plaintiff

Hogan under 42 U.S.C. § 1983.  With that being such, continuing to allow Plaintiff to attach

Defendants for seeking protection under this Country's discrimination laws should be stringently

protected by this federal court.  "**It is entirely appropriate to recognize such jurisdiction here

to make sure that a federal forum is available to guard against the possibility that a

malicious prosecution action might be used to deter the use of § 1983 and thereby

undermine the important rights that statute was enacted to protect**."  *Sweeney v.

Abramovitz*, 449 F.Supp. 213, 215-16 (D.Conn. 1978).

## JURY DEMAND

**16.**

Plaintiff in the original state court Petition made no jury demand.  Defendants hereby

request this matter be set for a jury trial.

---

[1]  The matter was consented to by all parties to proceed before Magistrate Judge Chasez, and was assigned to Magistrate Judge North upon the retirement of Magistrate Judge Chasez.

## LOCAL RULE 3.2

In accordance with Local Rule 3.2 and 28 U.S.C. §1447:

## PARTIES

### 17.

The remaining parties to this action include:

Plaintiff Donald Hogan, Jr.;

Defendant Andrea Williams; and,

Defendant Kenneth Lemieux.

Affirmation of notice and service to the state court and all parties is attached.

## STATE COURT RECORD

### 18.

Defendants will file with this Court a complete record for all pleadings from the Twenty-Fourth Judicial District Court.

## RULE 11 STATEMENT

### 19.

This Notice of Removal is executed pursuant to Federal Rules of Civil Procedure, Rule 11.

## COLLATERAL PROCEEDINGS AND REFILED CASE

### 20.

**This matter directly relates to and is a continuation of the *Andrea D. Williams and Kenneth Lemieux v. Jefferson Parish, Randy Nicholson and Donald Hogan*, Civ. A. No. 12-2752.  Defendants seek the Clerk's office, in accordance with Local Rule 3.1 and 3.2, return**

7

**this matter to the originally assigned District Court Judge (Judge Mary Ann Vial Lemmon, Section S) and Magistrate Court Judge (Judge Michael North, Division 5).**

WHEREFORE, Defendant Andrea Williams prays this action be removed from the 24th Judicial District Court, State of Louisiana, to the United States District Court for the Eastern District of Louisiana and assigned to Judge Lemmon, Section S and Magistrate Judge North, Division 5, and that this Court thereupon proceed with this civil action as if it had originally been commenced in this Court.

Certificate of Service

I hereby certify that the foregoing motion has been served on all counsel of record.

Bryce G. Murray

Respectfully submitted,

BRYCE G. MURRAY, (#28968)
3939 Veterans Memorial Blvd., Suite 215
Metairie, Louisiana 70002
Telephone:  (504) 484-9696
Facsimile:  (866) 596-2555
Email: Bryce@brycemurray.com
*Attorney for Defendants*

8