UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD HOGAN, JR.                                        CIVIL ACTION

VERSUS                                                   NO. 17-3

ANDREA D. WILLIAMS AND                                   SECTION "S" (5)
KENNETH LEMIEUX

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #6) is **GRANTED**, and this matter is **REMANDED** to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

**IT IS FURTHER ORDERED** that plaintiff's request for attorneys' fees and costs is **GRANTED**. Within 15 days of the date of this order, plaintiff shall file a motion to set attorneys' fees and costs incurred in connection with his filing this motion for remand. The motion will be heard by the United States Magistrate Judge, who will issue a Report and Recommendation regarding a just award of attorneys' fees and costs.

BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, Donald Hogan, Jr. Hogan argues that this matter should be remanded to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana because this court lacks subject matter jurisdiction.[1]

Hogan was employed by the Parish of Jefferson as an Assistant Director in the Department of Streets. Defendants, Andrea Williams and Kenneth Lemieux, were also employed by the Parish of Jefferson in the Department of Streets, and Hogan was their supervisor. On November 15,

---

[1] Hogan also argues that defendants' Notice of Removal was untimely filed. It is unnecessary to address the timeliness argument because this court lacks subject matter jurisdiction over this action.

1

2012, Williams and Lemieux filed suit in the United States District Court for the Eastern District of Louisiana against the Parish of Jefferson, Hogan and Randy Nichols, who was the Director of the Department of Streets, alleging that they were subjected to discrimination and harassment in the workplace. See Civil Action No. 12-2752. Williams and Lemieux stated that their claims arose under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq.; 42 U.S.C. §§ 1981 and 1983; and various Louisiana state laws. Hogan filed a crossclaim against Williams and Lemieux alleging that their complaint against him was defamatory. The United States Magistrate Judge dismissed Hogan's crossclaim as premature. Eventually, Williams and Lemieux dismissed the suit against all defendants after reaching a settlement with the Parish of Jefferson.

In 2015, Hogan sued Williams and Lemieux in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana seeking damages for "mental, emotional and financial injury" he sustained as a result of Williams' and Lemieux's prior "libelous" and "slanderous" lawsuit against him. On November 30, 2016, Williams and Lemieux propounded requests for admission on Hogan asking him to admit various facts regarding their prior lawsuit against him including:

**REQUEST FOR ADMISSION NO. 6:**

Please admit that Williams and Lemieux's federal Complaint included a claim under 42 U.S.C. 1983.

\* \* \*

**REQUEST FOR ADMISSION NO. 14:**

Please admit your claim is based on the federal lawsuit *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752 that was based on federal laws including Title VII and 42 USC 1983.

\* \* \*

2

**REQUEST FOR ADMISSION NO. 22:**

    Please admit that you are attempting to recover your attorney's fees and/or costs expended in defending the federal lawsuit *Williams et al. v. Jefferson Parish et al.*, Civ.A.No. 12-2752.

Hogan did not respond to the discovery requests.

On January 2, 2017, Williams and Lemieux removed Hogan's suit to the United States District Court for the Eastern District of Louisiana alleging federal question subject matter jurisdiction under 28 U.S.C. § 1331. They contend that, under Louisiana Code of Civil Procedure article 1467, the requests for admission are deemed admitted due to Hogan's failure to answer, and these admissions established that Hogan's claims arise under federal law because he seeks attorneys' fees under Title VII and 42 U.S.C. § 1988(b).[2] Hogan filed the instant motion to remand arguing that this court lacks subject matter jurisdiction.

## ANALYSIS

### I. Defendants' Motion to Remand

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that

---

[2] Louisiana Code of Civil Procedure article 1467 provides, in pertinent part, that a matter asked as a request for admission is deemed "admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."

3

removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Inc., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan, 989 F.2d at 815.

Defendants allege that this court has subject matter jurisdiction under 28 U.S.C. § 1331. Pursuant to § 1331, the federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to the well-pleaded complaint rule, an action "'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vanden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 29 S.Ct. 42 (1908)). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987).

The claims for liable and slander alleged in Hogan's state court petition arise under Louisiana state law. There is no mention of any federal law. Williams and Lemieux contend that Hogan's failure to respond to their requests for admission establish that Hogan's purported state law claims are actually claims to recover the attorneys' fees that he incurred in defending their prior lawsuit, and that such claims arise under Title VII and § 1988(b). Thus, they argue the case became removable under 28 U.S.C. § 1446(b), and § 1331 is the basis for subject matter jurisdiction.

Pursuant to § 1446(b), "where the original complaint presents no grounds for removal, a defendant may later remove the case to federal court after receipt of 'an amended pleading, motion,

4

order or *other paper* from which it may first be ascertained that the case is one which is or has become removable.'" Eggert v. Britton, 223 Fed. Appx. 394, 396 (5th Cir. 2007) (quoting 28 U.S.C. § 1446(b)). According to Fifth Circuit jurisprudence, "discovery-type documents may constitute 'other paper' under certain circumstances." Id. (citations omitted). The United States Court of Appeals for the Fifth Cirucit has explained that courts typically look to "other paper" to clarify "that diversity jurisdiction has been established[,]" whereas "federal question jurisdiction is determined by reference to the well-pleaded complaint[,]" and "other paper" is "[u]sed under limited circumstances . . . such as to clarify that a plaintiff's state law claim is one that would be preempted by federal law." Id. at 397.

In this case, Hogan has not pleaded a claim under federal law. In his well-pleaded complaint, Hogan chose to state claims that arise under state law. Hogan's non-responses to defendants' requests for admission do not relate to his complaint and cannot be construed as amending his complaint, "which is the document a court references to determine removability based on federal question jurisdiction." Id. at 398. Because Hogan did not raise any federal claims in his well-pleaded complaint, this court lacks subject matter jurisdiction under § 1331. Hogan's motion to remand is GRANTED, and this matter is REMANDED to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

## II. Hogan's Request for Attorneys' Fees and Costs

Hogan seeks attorneys' fees and costs related to the motion to remand. Section 1447(c) provides that an order remaining a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court of the United States has held that "[a]bsent unusual circumstances, courts may

5

award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005). However, "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.

Defendants had no objectively reasonable basis to remove this action. Fifth Circuit jurisprudence establishes that federal question jurisdiction is established on the face of the well-pleaded complaint, and discovery-like documents cannot establish a federal question absent complete preemption, which is not applicable. Hogan's complaint clearly states claims arising under Louisiana law, without reference to any federal laws. Thus, with proper research, defendants should have known that there was no federal question jurisdiction, and an award of attorneys' fees and costs is just under § 1447(c).

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #6) is **GRANTED**, and this matter is **REMANDED** to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

**IT IS FURTHER ORDERED** that plaintiff's request for attorneys' fees and costs is **GRANTED**. Within 15 days of the date of this order, plaintiff shall file a motion to set attorneys' fees and costs incurred in connection with his filing this motion for remand. The motion will be heard by the United States Magistrate Judge, who will issue a Report and Recommendation regarding a just award of attorneys' fees and costs.

New Orleans, Louisiana, this 22 day of February, 2017.

                                                                        MARY ANN VIAL LEMMON
                                                    UNITED STATES DISTRICT JUDGE